## Tom Lowry v. The State.

No. 3689. Decided May 20, 1908.

**1.—Carrying Pistol—Conversation—Evidence.**

Where upon trial for carrying a pistol the testimony objected to was a part and parcel of a conversation brought out by the defendant, there was no error in admitting the same.

**2.—Same—Evidence—Impeachment.**

Where the question objected to was asked by the county attorney to lay a predicate to impeach the witness for the defense, and to show his interest in the case, the same was permissible, on trial for unlawfully carrying a pistol, and there was no error.

**3.—Same—Argument of Counsel.**

Where upon trial for unlawfully carrying a pistol the defendant received the minimum punishment, the argument of State's counsel even if improper was not reversible error.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State

BROOKS, Judge.—Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $100.

Bill of exceptions No. 2 shows that Mrs. Lizzie Watson, a witness for the State, over appellant's objection, testified to the following: "My father at his house, in the presence of my mother, myself and no one else, in a conversation with me about this case, said to me, if I would help destroy the evidence of Oscar Watson and swear for the defendant, that the defendant could beat this case. The defendant was not present

nor did he hear this conversation." The defendant, at the time it was offered by the State, objected to said testimony because it was hearsay acts, and declarations in the absence of the defendant, and prejudicial to the rights of his case, and an attempt to prejudice the jury against the defendant, and an attempt to impeach the witness on an immaterial issue. The bill is approved with this qualification: "The testimony was a part of a conversation had between the parties already brought out by the defendant and was a part of same conversation." Under the explanation of the court there was no error in his ruling. If the matter testified to was part and parcel of a conversation brought out by the defendant, as the bill shows, and we are bound in this court by the bill, then there was no reversible error in the matter.

Bill of exceptions No. 1 shows that the State was permitted to prove by W. J. Lowry, defendant's witness, the following: "Is it not a fact that you at your house said to Mrs. Lizzie Watson, if she would help destroy the evidence of Oscar Watson and swear for the defendant, that the defendant could beat this case? A. I did not have any such conversation with Mrs. Lizzie Watson at the time and place inquired about nor at any other time." It was admitted by the State that the defendant was not present at the time and place inquired about. Appellant objects to this testimony on the ground that it was hearsay acts and declarations of third parties in the absence of the defendant, and prejudicial to the rights of the defendant. The court qualifies this bill by stating, "The county attorney stated at the time said question was asked that it was asked to lay a predicate to impeach the witness and also to show his interest in the case." The question was permissible for the purpose suggested, and there is no error in the ruling of the court.

The charge of the court is correct. The special charges, as far as applicable, are covered by the main charge.

Appellant further complains of the misconduct of the county attorney in his argument. Even conceding same to be improper, in the light of the fact that appellant received the minimum punishment, it could not operate as a prejudicial error, such as would authorize a reversal of this case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*